W. A. THEOBALD, et al., v. PAT FLYNN, et al., and Four Other Cases.

**Intoxicating liquors:** PETITION OF CONSENT: SIGNATURES IN CERTAIN CITIES. In cities of 2,500 and less than 5,000 a petition of consent to the sale of liquor signed by eighty per cent of the voters of the city, or by a majority of the voters of the city and township and sixty-five per cent of the voters of the county is sufficient. It is not necessary to have sixty-five per cent of the voters of the county sign the petition in addition to eighty per cent of those of such cities.

**Appeal:** ADDITIONAL ABSTRACT: MOTION TO STRIKE. Where the appellant's abstract did not set out a full statement of the agreed statement of facts on which the case was submitted, appellees additional abstract containing a complete copy of the same, will not be stricken, although the entire stipulation may not have been required to make the correction.

*Appeal from Crawford District Court.*—HON. F. M. POWERS, Judge.

FRIDAY, JANUARY 17, 1913.

APPELLANTS, W. A. Theobald, Velie Sowles, and J. L. McLeod, as plaintiffs, brought five injunction suits against

Pat Flinn, Catherine Flinn, and Nora Kinney, as defendants, in one case, Martin Saggau, T. C. McCarty, John Klinker, William Keopke, and John Saggau, defendants in the others, alleging that defendants were maintaining nuisances in the sale of intoxicating liquor contrary to law. The cases were tried in the court below on an agreed statement of facts, and by agreement the cases are tried together in this court. The injunctions were denied. The plaintiffs appeal.—*Affirmed.*

*John F. Joseph,* for appellants.

*Connor & Lally* and *E. K. Burch,* for appellees.

PRESTON, J.—These cases were tried in the district court, before the decision of this court in *Conly v. Dilley,* 153 Iowa, 677, and the question as to the number of saloons allowed under the so-called Moon Law is not in controversy in this case; the parties have so agreed in argument. The question here presented has not heretofore been determined by this court, and it is agreed that the sole proposition is whether or not, because 80 per cent. of the legal voters of the city of Denison did not petition for the sale of liquors, the defendants should be enjoined. The city of Denison is a city of over 2,500 and less than 5,000 inhabitants. The stipulation as to the facts is as follows:

It is hereby stipulated by and between the parties to the above-entitled action that the evidence in the case shows that the defendant Pat Flinn did not secure the consent of 80 per cent. of the voters of the city of Denison, as shown by the poll list of the preceding general election of 1908, and it is agreed that a petition of general consent was circulated in the county of Crawford, and that more than 65 per cent. of the voters of the county, as shown by the poll list of the said county at the last preceding general election of 1908, petitioned the board of supervisors for the sale of intoxicating liquors in the county, and that the board of supervisors so determined and made a record to such effect; and at the

same time that more than 50 per cent. of the voters of the city of Denison, and the township in which Denison is situated, petitioned for the sale of intoxicating liquors, and that the board of supervisors so found and determined, and made a record showing the fact, prior to the time the city council granted resolutions of consent to sell intoxicating liquors to the defendant Pat Flinn. If defendant has no legal right to run his saloon without 80 per cent. of the voters of the town or city of Denison petitioning therefor, then a permanent injunction should be granted; if a majority of the voters of the city of Denison and of Denison township, in which it is situated, in addition to 65 per cent. in the county, are only required to petition for the sale of intoxicating liquors, then he should not be enjoined. It is agreed that the population of Denison, Iowa, is and was at the time the petition was circulated, over 2,500 and less than 5,000, as shown by the last federal and state census. Except as hereinbefore stated, it is stipulated and agreed that the provisions of the mulct law of the state of Iowa, in so far as the defendant is concerned, have been complied with. It is also agreed that Catherine Flinn and Nora Kinney, are the owners of the property, and have knowledge of the facts herein set out. The case is submitted to the court on the above statements of facts, which are agreed to be the evidence in the case, on the application for a permanent injunction. [Properly signed.]

A like stipulation was made in each of the cases; the names of the parties and description of property being different.

I. The controversy arises over the construction of sections 2448 and 2449 of the Code, or certain parts thereof.

1. INTOXICAT-ING LIQUORS: petition of consent: signatures in certain cities. The first part of section 2448 refers to cities of 5,000 or more, and it is not necessary here to quote that part of the section. The latter part of said section, just before division 1, provides:

And in any city of over twenty-five hundred and less than five thousand inhabitants, when a written statement of consent that intoxicating liquors may be sold in such city, signed by eighty per cent. of the voters residing in such city,

voting therein at the last preceding election, as shown by the poll list of said election, shall have been filed with the county auditor, and shall by the board of supervisors at a regular meeting, or at a special meeting called for that purpose, have been held sufficient, and its findings entered of record which statement when thus found sufficient shall be effectual for the purpose herein contemplated until revoked, said city shall come within the provisions of this section.

Section 2449 provides:

In order that any city or town or city acting under special charter of less than five thousand inhabitants may come within the provisions of the preceding section, except as is otherwise provided, the following additional condition must be complied with: A written statement of general consent shall be filed with the county  auditor, signed by sixty-five per cent. of all of the legal voters who voted at the last preceding general election, as shown by the poll list of said election, residing within such county and outside of the corporate limits of cities having a population of five thousand or over; but no such statement of general consent shall be construed as a bar to proceedings against persons selling intoxicating liquors in towns situated in townships of which less than a majority of the voters of the township, including the town, have signed the statement of general consent; nor shall it be construed as a bar in any town in which a majority of the voters do not sign said statement.

The appellants' contention, as their counsel state it, is that in cities the size of Denison, in order to legalize the sale of intoxicating liquors in said city, there must be a petition of general consent showing the signature of 80 per cent. of the voters in said city, and that this requirement is in addition to that mentioned in section 2449, requiring the consent of 65 per cent. of the voters of the county in which the city is situated.

 Appellees' contention, as their counsel state it (after quoting the latter part of section 2448, and which we have set out in this opinion as the first quotation), is: In such case

no attention whatever need be paid to the balance of the county, as to whether or not the petition was either circulated in or signed by 65 per cent., or any other number, of the voters of said county. And further they say: We contend that the statement ''except as otherwise provided'' refers absolutely to, and is controlled by, that portion of section 2448 above referred to.

We think appellant's contention in this respect is not sound, because that would mean that a party desiring to sell liquor in a town the size of Denison would have to get 65 per cent. of the voters of the county, outside of cities of 5,000, and only a majority of the voters in said city, and the township in which the city is situated, which would be inconsistent with getting 80 per cent. of the voters in such city. The latter part of section 2449 provides for obtaining a majority, and, as we say, that would be inconsistent with requiring them to get 80 per cent.

Appellees' argument is, as we understand it, that the latter part of section 2448, heretofore quoted, required a person desiring to sell liquor in a city of that size—that is, a city over 2,500 and under 5,000—to get 80 per cent. of the voters in such city, but they insist that they do not have to get 65 per cent. of the voters in the county.

It must be conceded that the two statutes are not well or clearly drawn. That part of section 2448 which we have quoted was not contained in the original act as passed by the Legislature (Acts 25 G. A., chapter 62, section 17), but did provide for cities of 5,000 or more, and then provided, in the different subdivisions of said section, that a statement signed by a majority of the voters of such city, and a compliance with a number of other conditions, would be sufficient to bar prosecutions. The latter part of section 2448 (before subdivision 1) was legislated into the Code of 1897 at the same time section 2449 was inserted. The meaning of section 2449 is, we think, and so hold, that in cities and towns of less than 5,000 the petition must contain the signatures of 65 per cent. of the

voters of the county, and outside of the corporate limits of cities having a population of 5,000 or over; also a majority of the voters of the city or town, and a majority of the voters of the township, except as otherwise provided, in order to come within the provisions of the preceding section. The latter part of section 2448 does otherwise provide; that is, as to cities over 2,500 and less than 5,000, a petition signed by 80 per cent. of the voters of such city is sufficient. In such a city they may proceed either way; that is, get 80 per cent. of the city, or a majority of the city, and a majority of the township, and 65 per cent. of the county, etc.

-   The additional condition referred to in section 2449 means that, in addition to the numerous conditions mentioned in the different subdivisions of section 2448, they must get 65 per cent. of the county, etc., and does not mean that, in addition to getting signatures of 80 per cent. of the voters of such city, the signatures of 65 per cent. of the voters of the county and a majority of the town and township must be obtained.

It follows that cities the size of Denison may come within the provisions of section 2448 by obtaining the signatures of 80 per cent. of the voters, and complying with the other conditions therein mentioned.

II. Appellants have filed a motion to strike appellees' additional abstract, which was submitted with the case. Appellants did not set out an exact copy of the agreed statement of facts; appellees did do so. It may not have been necessary for appellees to set out the entire stipulation, to make the corrections; but, under the circumstances, we think the motion should be overruled.

2. APPEAL: additional abstract: motion to strike.

The decision of the district court was right, and its judgment is *Affirmed.*